ZEV SHECHTMAN (State Bar No. 266280)
zs@dgdk.com
SONIA SINGH (State Bar No. 311080)
ssingh@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff, Richard K. Diamond, as
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-31605-SK |
| RAUL M CONTRERAS aka RAUL MIRANDA CONTRERAS aka RAUL CONTRERAS MIRANDA,<br><br>Debtor. | Chapter 7 |
| RICHARD K. DIAMOND, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL HUERTA, an individual; SALSA & BEER, INC., a California corporation; and DIANE CONTRERAS, an individual,<br><br>Defendants. | Adv. No. _____<br><br>**TRUSTEE'S COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) TURNOVER; (3) ACCOUNTING; (4) DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY; (5) MONEY HAD AND RECEIVED; AND (6) MONEY LENT**<br><br>Date:    SEE SUMMONS<br>Time:    SEE SUMMONS<br>Crtrm.:  SEE SUMMONS |

Plaintiff alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding (this "Action") pursuant

to 28 U.S.C. §§ 157 and 1334. This Action is commenced pursuant to 11 U.S.C. §§ 105(a), 362,

1526935.1  0931605A

1

1  541, 542 and Fed. R. Bankr. P. 7001(1) and (9).  This Action is a core proceeding under 28 U.S.C.

2  § 157(b)(2)(A), (E), and (O).  This Action arises in a case under chapter 7 of title 11 of the United

3  States Code entitled, <u>In re RAUL M CONTRERAS aka RAUL MIRANDA CONTRERAS aka</u>

4  <u>RAUL CONTRERAS MIRANDA</u>, Debtor, (the "Debtor") which has been assigned case number

5  2:09-bk-31605-SK, and is pending in the United States Bankruptcy Court, Central District of

6  California, Los Angeles Division (the "Bankruptcy Case").  Plaintiff consents to the entry in this

7  Action of final orders and judgment by the Bankruptcy Court.

8       2.     Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C.

9  § 1409(a).

10

11                        **<u>THE PARTIES</u>**

12      3.     Plaintiff is RICHARD K. DIAMOND, who brings this Action solely in his capacity

13  as the chapter 7 trustee ("Plaintiff" or the "Trustee") for the bankruptcy estate (the "Estate") of the

14  Debtor.

15      4.     Plaintiff is informed and believes and, based thereon, alleges that Defendant herein

16  GABRIEL HUERTA is, and was at all relevant times, an individual residing in the County of Los

17  Angeles, State of California ("Huerta").

18      5.     Plaintiff is informed and believes and, based thereon, alleges that Defendant herein

19  SALSA & BEER, INC. is, and was at all relevant times, a California corporation doing business in

20  the County of Los Angeles, State of California.

21      6.     Plaintiff is informed and believes and, based thereon, alleges that Defendant herein

22  DIANE CONTRERAS is, and was at all relevant times, an individual residing in the County of Los

23  Angeles, State of California ("Diane").[1]

24      7.     Plaintiff is informed and believes, and thereon alleges, that Defendants Huerta and

25  Salsa & Beer, Inc., and each of them, at all times material herein, were the agents, employees,

26  servants, co-venturers, alter egos, and/or legal representatives of each of other, and that in doing the

27

28
_____

[1] The first name is used to avoid confusion with the name of the Debtor herein.

1  things herein alleged, Defendants Huerta and Salsa & Beer, Inc., and each of them, acted within the

2  course and scope of said relationships and with the knowledge, permission, consent, ratification

3  and/or adoption of each other.

4        8.     Huerta, Salsa & Beer, Inc., and Diane are referred to collectively herein as the

5  "Defendants."

6

7  **PROCEDURAL BACKGROUND**

8        9.     On or about August 14, 2009, the Debtor commenced this Bankruptcy Case by

9  filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code before the United

10  States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

11        10.    The Bankruptcy Case was converted to Chapter 7 on July 21, 2010.

12        11.    The Trustee was appointed and served as the chapter 7 trustee for the Estate of the

13  Debtor.

14        12.    The Debtor was denied his discharge on September 12, 2011, pursuant to a

15  judgment entered in an adversary proceeding filed by the Trustee against the Debtor as Adv. No.

16  2:10-ap-03455-SK (the "2011 Judgment"), which also provided for money damages in the amount

17  of $272,133.39 plus interest.

18        13.    In December of 2011, the Trustee recorded an abstract of judgment with respect of

19  the 2011 Judgment.

20        14.    Pursuant to an order entered on February 23, 2012, the Trustee obtained authority to

21  leave the 2011 Judgment unadministered.

22        15.    The Chapter 7 Trustee's Report in a No-Asset Case with Unadministered Assets was

23  filed on February 29, 2012 and the Bankruptcy Case was thereafter closed.

24

25  **REOPENING THE CASE**

26        16.    In or around November of 2017, the Trustee learned from an escrow company that

27  Diane and Josephine Contreras were attempting a sale or refinance of certain improved residential

28  real property commonly known as 1108 Glenview Road, West Covina, CA 91791 (the "Glenview

1   Property"), which was encumbered by the Trustee's judgment lien with respect of the 2011

2   Judgment.

3       17.     On November 9, 2017, the Office of the United States Trustee filed a motion to

4   reopen the Bankruptcy Case and an order was entered to reopen the Bankruptcy Case for a trustee

5   to administer the 2011 Judgment.

6       18.     Plaintiff was subsequently re-appointed as the chapter 7 trustee and continues to

7   serve in that capacity for the benefit of creditors.

8       19.     Plaintiff is informed that the Debtor died on or about April 10, 2018.

9       20.     On or about June 22, 2018, the Trustee entered into an agreement with Diane and

10  Josephine Contreras, subject to Bankruptcy Court approval, providing for release of the Trustee's

11  claims regarding the Glenview Party and payment of $205,000 cash in consideration thereof,

12  among other terms (the "6/22/18 Agreement").

13      21.     On July 5, 2018, the Trustee filed a motion to approve the 6/22/18 Agreement as

14  bankruptcy docket no. 142, and on August 8, 2018 the Court entered its order approving such

15  motion as bankruptcy docket no. 146.

16      22.     The 6/22/18 Agreement provided, in pertinent part, as follows:

17      11669 Sherman Way Note and Deed of Trust.  This Agreement does not have any
        effect on the estate's rights to and interest in the indebtedness secured by the deed of
18      trust on the real property commonly known as 11669 Sherman Way, North
        Hollywood, CA 91605 (dated 3/30/10, notary seal dated 4/9/10, and recorded
19      4/27/17), copy attached hereto[,] and any and all right, title and interest of the estate
        and the Trustee therein are reserved.

20

21  *See* doc. no. 142 at p. 16.

22

23                  **THE SHERMAN WAY PROPERTY AND THE LOAN**

24      23.     In his Amended Schedule A filed on August 26, 2009 as bankruptcy docket no. 19,

25  the Debtor scheduled, among other real property, a commercial property located at 11669 Sherman

26  Way, North Hollywood, CA 91605 (the "Sherman Way Property"), with a scheduled value of

27  $1,000,000 and scheduled secured debt of $450,700 against such property.

28      24.     On January 27, 2010, the Court entered an order authorizing the sale of the Sherman

1    Way Property to Salsa & Beer, Inc.

2        25.    On February 18, 2010, a grant deed was recorded in the Los Angeles County

3    Recorder's Office as instrument no. 20100219434 transferring title to the Sherman Way Property to

4    Salsa & Beer, Inc.

5        26.    The Trustee is informed and believes and, based thereon alleges, that Defendant

6    Huerta is and, at all times relevant herein, was the principal of Defendant Salsa & Beer, Inc.

7        27.    On May 24, 2010, the chapter 13 trustee in the Debtor's case filed a motion to

8    dismiss the Debtor's Bankruptcy Case as bankruptcy docket no. 80, due to the Debtor's failure to

9    pay the proceeds of the sale of the Sherman Way Property to the chapter 13 trustee and thereby

10   fund the Debtor's confirmed chapter 13 plan.  Based on such motion, the Bankruptcy Court entered

11   an order on July 21, 2010 converting the Debtor's Bankruptcy Case to chapter 7.

12       28.    After his appointment as chapter 7 trustee, the Trustee filed an adversary proceeding

13   against the Debtor and obtained the 2011 Judgment denying the Debtor's discharge and for

14   damages and thereafter the case was closed with the 2011 Judgment left unadministered.

15       29.    On April 27, 2017, a short form deed of trust and assignment of rents dated March

16   30, 2010 evidencing Huerta's indebtedness to the Debtor on account of the Loan (described below)

17   was recorded in the Los Angeles County Recorder's Office as instrument no. 20170469778 (the

18   "Sherman Way Deed of Trust").  A copy of the Sherman Way Deed of Trust is attached hereto as

19   Exhibit "1."

20       30.    As a result of the April 27, 2017 recordation of the Sherman Way Deed of Trust, the

21   Trustee is now informed and believes and, based thereon alleges, that on or about March 30, 2010,

22   Huerta executed a promissory note and deed of trust in favor of the Debtor in the original loan

23   amount of $195,000 (the "Loan," the "Sherman Way Note" or the "Subject Property").

24       31.    The Trustee is informed and believes and, based thereon alleges, that the Loan to

25   Huerta constituted a previously undisclosed purchase loan and/or obligation incurred by Huerta and

26   owing to the Debtor in connection with Salsa & Beer, Inc.'s acquisition of the Sherman Way

27   Property.

28       32.    The Trustee is informed and believes and, based thereon alleges, that the Debtor

1  received monthly payments from Huerta and/or Salsa & Beer, Inc. on account of the Loan from

2  2010 until late 2017 or early 2018.

3      33.    The Trustee is informed and believes and, based thereon alleges, that Diane received

4  monthly payments from Huerta on account of the Loan from late 2017 or early 2018 to and

5  including mid or late 2018.

6      34.    The Trustee has made demand on Huerta:

7          a.    asserting that the payment stream on account of the Sherman Way Note is

8  property of the Estate and that Huerta must make all Loan payments to the Trustee;

9          b.    demanding an accounting of all payments made and remaining due under the

10  Sherman Way Note, including a copy of the original Sherman Way Note; and

11          c.    demanding payment in full of all amounts due and owing under the Sherman

12  Way Note.

13      35.    The Trustee has made demand on Diane:

14          a.    asserting that the payment stream on account of the Sherman Way Note is

15  property of the Estate;

16          b.    demanding turnover of the original of the Sherman Way Note;

17          c.    demanding an accounting of all payments received by Diane and the Debtor

18  and/or any other party on account of the Sherman Way Note; and

19          d.    demanding payment of an amount equal to payments made under the

20  Sherman Way Note.

21      36.    Huerta has not complied with the Trustee's demands.

22      37.    Diane has not complied with the Trustee's demands.

23      38.    The Trustee is informed and believes and, based thereon alleges, that not less than

24  $174,000 remains owing and unpaid on account of the Loan, exclusive of any amounts received by

25  Diane which she must pay to the Bankruptcy Estate.

26

27

28

**FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief – 11 U.S.C. § 541(a)(6))**

**(Against All Defendants)**

39.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 38, inclusive, hereof as though fully set forth herein.

40.    An actual controversy exists in that the Plaintiff contends that the Subject Property is property of the Estate pursuant to 11 U.S.C. § 541(a)(6) inasmuch as the Subject Property constitutes the proceeds, product, or profits of or from property of the Estate.

41.    The Trustee is informed and believes and, based thereon alleges, that Defendants dispute whether the Subject Property is property of the Estate.

42.    Pursuant to 11 U.S.C. § 541(a)(6) and other applicable law, the Plaintiff is entitled to a judgment determining that the Subject Property is property of the Estate.

**SECOND CLAIM FOR RELIEF**

**(For Turnover – 11 U.S.C. § 542)**

**(Against All Defendants)**

43.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 42, inclusive, hereof as though fully set forth herein.

44.    Plaintiff is informed and believes, and based thereon alleges, that the Subject Property constitutes property of the Estate.

45.    Pursuant to 11 U.S.C. § 542, the Plaintiff is entitled to the turnover by the Defendants of the Subject Property and any monies paid on account thereof.

**THIRD CLAIM FOR RELIEF**

**(For Accounting – 11 U.S.C. § 542)**

**(Against All Defendants)**

46.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 45, inclusive, hereof as though fully set forth herein.

1    47.    Plaintiff is informed and believes, and based thereon alleges, that the Subject

2    Property constitutes property of the Estate.

3    48.    Pursuant to 11 U.S.C. § 542, the Plaintiff is entitled to a full written accounting by

4    the Defendants with respect of the Subject Property.

5

6    **FOURTH CLAIM FOR RELIEF**

7    **(For Damages for Violation of the Automatic Stay – 11 U.S.C. § 362)**

8    **(Against All Defendants)**

9    49.    Plaintiff refers to and incorporates herein by this reference each and every allegation

10    contained in paragraphs 1 through 48, inclusive, hereof as though fully set forth herein.

11    50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, since

12    the Petition Date, knowingly, willfully and intentionally acted to obtain possession of property of

13    the estate or of property from the estate or to exercise control over property of the estate by, among

14    other things, possessing, controlling and failing to turn over to the Trustee the Subject Property as

15    well as payments on account thereof.

16    51.    Plaintiff is informed and believes, and based thereon alleges, that the Defendants

17    have knowingly, willfully and intentionally violated the automatic stay under 11 U.S.C. § 362(a)(3)

18    and therefore, pursuant to 11 U.S.C. §§ 362, 105(a), and other applicable law, the Trustee is

19    entitled to money damages in a sum to be proved at trial.

20

21    **FIFTH CLAIM FOR RELIEF**

22    **(For Common Count for Money Had and Received )**

23    **(Against Defendants Huerta and Salsa & Beer, Inc.)**

24    52.    Plaintiff refers to and incorporates herein by this reference each and every allegation

25    contained in paragraphs 1 through 51, inclusive, hereof as though fully set forth herein.

26    53.    Defendants Huerta and Salsa & Beer, Inc. owe Plaintiff not less than $174,000 for

27    money had and received.

28    54.    Plaintiff is entitled to recover damages from Defendants Huerta and Salsa & Beer,

1   Inc. in a sum to be proved at trial, but not less than $174,000, plus interest as allowed by law.

2

3                              **SIXTH CLAIM FOR RELIEF**

4                          **(For Common Count for Money Lent)**

5                    **(Against Defendants Huerta and Salsa & Beer, Inc.)**

6          55.     Plaintiff refers to and incorporates herein by this reference each and every allegation

7   contained in paragraphs 1 through 54, inclusive, hereof as though fully set forth herein.

8          56.     Defendants Huerta and Salsa & Beer, Inc. are indebted to Plaintiff for the sum of not

9   less than $174,000, plus accruing interest, for money lent by the Debtor to them.

10         57.     Plaintiff has demanded payment and has received no payment.

11

12         WHEREFORE, the Plaintiff prays for judgment as follows:

13  ON THE FIRST CLAIM FOR RELIEF:

14         For a declaratory judgment that the Subject Property is the property of the Estate pursuant

15  to 11 U.S.C. § 541(a)(6).

16

17  ON THE SECOND CLAIM FOR RELIEF:

18         For a judgment directing the Defendants to turn over possession of the Subject Property to

19  the Plaintiff.

20

21  ON THE THIRD CLAIM FOR RELIEF:

22         For a judgment directing the Defendants to providing a complete written accounting to the

23  Plaintiff with respect of the Subject Property.

24

25  ON THE FOURTH CLAIM FOR RELIEF:

26         For a judgment against the Defendants for money damages for violation of the automatic

27  stay in a sum to be proved at trial, including attorneys' fees; and

28         For interest thereon from and after August 6, 2018.

1    <u>ON THE FIFTH AND SIXTH CLAIM FOR RELIEF:</u>

2         For a judgment in an amount to be proved at trial, not less than $174,000.

3

4    <u>ON ALL CLAIMS FOR RELIEF:</u>

5         For costs of suit;

6         For attorneys' fees based on contract and as otherwise allowed by law; and

7         For all other and further relief as the Court deems just and proper.

8

9    DATED:  December **26**, 2018     DANNING, GILL, DIAMOND & KOLLITZ, LLP

10

11         By: _____

12         ZEV SHECHTMAN
      Attorneys for Plaintiff, Richard K. Diamond, as
13    Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1526935.1  0931605A                                        10

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>RICHARD K. DIAMOND, as Chapter 7 Trustee | DEFENDANTS<br>GABRIEL HUERTA, an individual;<br>SALSA & BEER, INC., a California corporation; and<br>DIANE CONTRERAS, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ZEV SHECHTMAN (State Bar No. 266280)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 Ave. of Stars, 11th Fl., LA, CA 90067; 310-277-0077 - Tel. | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. § 541(a)(6) - For Declaratory Relief; 11 U.S.C. § 542 - For Turnover; 11 U.S.C. § 542 - For Accounting; 11 U.S.C. § 362 - For Damages for Violation of the Automatic Stay; For Common Count for Money Had and Received; Money Lent

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Not less than $174,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAUL CONTRERAS | BANKRUPTCY CASE NO.<br>2:09-bk-31605-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. S. KLEIN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>12/26/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ZEV SHECHTMAN (State Bar No. 266280) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.